## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

LARRISHA ANDERSON,              :
                               :
    Plaintiff,            :       CASE NO.: _____
                               :
v.                              :
                               :
TYSON FOODS, INC.,              :
                               :
    Defendant.            :

---

## <u>COMPLAINT</u>

Plaintiff Larrisha Anderson brings this action pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"), and Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"), against Defendant Tyson Foods, Inc., showing the following.

## <u>PARTIES</u>

1.

Anderson is a female citizen of the United States and lives in Hawkinsville, Pulaski County, Georgia, where she has resided at all times relevant to this suit. She submits herself to the jurisdiction of this Court.

2.

Tyson Foods, Inc., is a Delaware profit corporation with its principal place of business in Springdale, Arkansas. This Defendant may be served by personal service of process upon its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights) because the matters in controversy arise under the laws of the United States, specifically the FMLA and ADA.

4.

Pursuant to 28 U.S.C. § 1391(b) and M.D. Ga. L.R. 3.4, the Albany Division of the Middle District of Georgia is the proper venue for Plaintiff's claims because Defendant is not a Georgia resident and a substantial part of the events or omissions giving rise to the claims occurred in Dooly County, which is within said District and Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.

All conditions precedent to jurisdiction under the ADA have been satisfied.

6.

Anderson filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the adverse employment action.

7.

On January 6, 2023, the EEOC issued Plaintiff a Notice of the Right to Sue relating to her charge of discrimination, 410-2022-00540.

8.

Plaintiff brings this suit within ninety days of receipt of her Notice of the Right to Sue.

**STATEMENT OF FACTS**

9.

Plaintiff was hired at the Tyson facility in Vienna, Dooly County, Georgia, in or around January 2016.

10.

Plaintiff's job duties caused her lower back pain and, as a result, was moved to a part-time position in or around July 2020.

11.

Plaintiff was diagnosed with grade 1 spondylolisthesis and associated degenerative disk disease.

12.

On or about October 23, 2020, Plaintiff requested FMLA leave.

13.

On December 30, 2020, Defendant notified Plaintiff that her FMLA "leave was approved from October 23, 2020, through April 22, 2021."

14.

On January 21, 2021, Defendant notified Plaintiff that her FMLA was "Eligible and approved" from October 23, 2020, through April 22, 2021.

15.

Defendant notified Plaintiff of the balance of her remaining FMLA leave on January 27 and March 1, 2021, and did not mention any missing documentation or other alleged deficiencies with her FMLA leave.

16.

On April 5, 2021, Defendant notified Plaintiff that she had 5 weeks, 15 hours, and 30 minutes of FMLA leave remaining, and again did not mention any missing documentation or other alleged deficiencies with her FMLA leave.

17.

In a letter dated April 19, 2021, Tyson stated that, "According to our records, your approved LOA will expire on 4/12/2021."

18.

In a letter dated April 27, 2021, Defendant informed Plaintiff that it "identified a pattern of absences, you have routinely been absent on Monday, Thursday, and Friday(s)" and asked for her physician to indicate whether such pattern of absences was "consistent with the serious health condition" by May 15, 2021.

19.

Defendant terminated Plaintiff on April 29, 2021.

20.

At the time of her termination, Plaintiff had 287.5 hours of FMLA leave remaining.

21.

As a result of her termination, Plaintiff lost income and other benefits.

## COUNT ONE

### FMLA Interference

22.

Defendant is an employer covered by the FMLA.

23.

Anderson was an employee covered by the FMLA at all times relevant.

24.

Defendant terminated Anderson while she had 287.5 hours of FMLA leave remaining.

25.

Defendant's termination of Anderson interfered with, restrained, and denied the exercise of or attempt to exercise FMLA rights in violation of 29 U.S.C. § 2615.

26.

As a result of Defendants' interference with Anderson's ability to exercise FMLA rights, Anderson is entitled to wages, salary, employment benefits, and other compensation denied or lost, including front and back pay, non-wage monetary losses, liquidated damages, interest, attorney fees, and other costs of this action.

## COUNT TWO

### FMLA Retaliation

27.

Tyson is an employer covered by the FMLA.

28.

Anderson was an employee covered by the FMLA at all times relevant.

29.

Anderson exercised her FMLA rights by taking FMLA leave, which is statutorily protected activity.

30.

Anderson was terminated as a result of her intention and action to exercise her FMLA rights. The termination was an adverse employment decision.

31.

Defendant terminated Anderson because she engaged in activity protected by the FMLA.

32.

As a result of Defendant's retaliatory conduct against Anderson for exercising FMLA rights, Anderson is entitled to wages, salary, employment benefits, and other compensation denied or lost, including front and back pay, non-wage monetary losses, liquidated damages, interest, attorney fees, and other costs of this action.

## COUNT THREE

### Americans with Disabilities Act: Disparate Treatment

33.

Defendant is an employer covered by the ADA.

34.

Anderson was an employee covered by the ADA at all times relevant.

35.

Anderson's disability actually motivated Defendant's decision to terminate her.

36.

As a direct, legal, and proximate result of Defendant's violations of Anderson's rights under the ADA, Anderson was and remains injured in an amount to be proven at trial.

37.

Defendant's actions were taken with malice or with reckless indifference to Anderson's federally protected rights.

38.

Defendant is liable to Anderson for all damages arising from their violations of her rights under the ADA in an amount to be proven at trial.

## **COUNT FOUR**

### **Americans with Disabilities Act:  Failure to Accommodate**

39.

Defendant is an employer covered by the ADA.

40.

Anderson, who was a qualified individual with a disability at all times relevant, requested an accommodation of intermittent leave so she could receive necessary medical treatment then return to work.

41.

Defendant's failure to accommodate Anderson so she could keep her job constitutes discrimination under the ADA.

42.

Because Defendant would not grant Plaintiff a reasonable accommodation, she was terminated and suffered damages in an amount to be proven at trial.

43.

As a direct, legal, and proximate result of Defendant's violations of Anderson's rights under the ADA, Anderson was and remains injured in an amount to be proven at trial.

44.

Defendant's actions were taken with malice or with reckless indifference to Anderson's federally protected rights.

45.

Defendants are liable to Anderson for all damages arising from their violations of her rights under the ADA in an amount to be proven at trial.

## COUNT FIVE

### Americans with Disabilities Act:  Retaliation

46.

Defendant is an employer covered by the ADA.

47.

Plaintiff was covered a covered employee under the ADA at all times relevant.

48.

Plaintiff engaged in statutorily protected conduct by requesting and taking FMLA leave.

49.

Plaintiff's statutorily protected conduct was a motivating factor for her termination.

50.

As a direct, legal, and proximate result of Defendant's violations of Anderson's rights under the ADA, Anderson was and remains injured in an amount to be proven at trial.

51.

Defendant's actions were taken with malice or with reckless indifference to Anderson's federally protected rights.

52.

Defendant is liable to Anderson for all damages arising from their violations of her rights under the ADA in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Anderson demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that Defendant's actions violated Anderson's FMLA and ADA rights;

(b) An award of full back pay from the date of the adverse employment action taking into account all raises to which Anderson would have been entitled but for Defendant's unlawful activity, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(c) Reinstatement of an award of front pay to compensate Anderson for lost future wages, benefits, and pension;

(d) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Anderson's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(e) Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(f) Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Anderson and deter Defendant from similar conduct in the future;

(g) Judgment against Defendant for damages incurred by Anderson;

(h) Judgment against Defendant in an amount to fully and adequately compensate Anderson;

(i) An award of pre-judgment and post-judgment interest;

(j) A trial by jury on all issues triable to a jury; and

(k) Other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted this 6th day of April 2023.


By:    /s/ Douglas Dean
       Georgia Bar No. 130988
       Attorney for Plaintiff
       Lawson, Reid & Dean, LLC
       601 East 14th Avenue (31015)
       Post Office Box 5005
       Cordele, Georgia  31010
       O: (229) 271-9323
       F:  (229) 271-9324
       E: *douglas.dean@lawsonreidlaw.com*